IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:11 CV 477

| | |
|---|---|
| Shawn Massey,<br><br>              Plaintiff,<br><br>  v.<br><br>Charlotte-Mecklenburg Police Officer J.J. Ojaniit; Charlotte-Mecklenburg Police Officer Gerald J. Esposito; Charlotte-Mecklenburg Police Officer Tom G. Ledford; and Charlotte-Mecklenburg Police Officers John and Jane Does ## 1-10, in their individual capacities,<br><br>              Defendants. | **DEFENDANT<br>OFFICER THOMAS G. LEDFORD'S<br>ANSWER** |

Comes now Officer Thomas G. Ledford (hereinafter referred to as "Defendant Ledford"), by and through undersigned counsel, and hereby files this Answer to the Complaint filed herein:

FIRST DEFENSE

Defendant Ledford responds to Plaintiff's Complaint, and each and every paragraph thereof, as follows:

1. Defendant Ledford admits that Plaintiff was convicted of an armed robbery and kidnapping that took place in May 1998 and that in May 2010, the Office of the District Attorney moved to set aside that conviction for the reasons set forth in its Motion to Set Aside Verdicts and Release Defendant. *See*, Exhibit 1. The Superior Court of the General Court of Justice of Mecklenburg County subsequently ordered the conviction set

aside. *See*, Exhibit 2. Except as stated, Defendant Ledford denies the allegations set forth in Plaintiff's paragraph 1.

2. Plaintiff's paragraph 2 is denied.

3. Defendant Ledford expressly denies any and all wrongdoing which Plaintiff accuses him of in this lawsuit, including those contained in Plaintiff's paragraph 3. As to all of Plaintiff's alleged injuries, Defendant Ledford is without sufficient personal knowledge or information sufficient to admit or deny said allegations, and therefore denies and demands strict proof thereof.

4. Upon information and belief, Plaintiff's paragraph 4 is admitted.

5. Defendant Ledford admits that Officer J.J. Ojaniit is an individual who, at all times relevant to the Complaint, was a sworn police officer with the Charlotte-Mecklenburg Police Department ("CMPD"). Except as stated, Defendant Ledford is without sufficient personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 5, and therefore denies and demands strict proof thereof.

6. Defendant Ledford admits that Officer Gerald Esposito is an individual who, at all times relevant to the Complaint, was a sworn police officer with CMPD. Except as stated, Defendant Ledford is without sufficient personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 6, and therefore denies and demands strict proof thereof.

7. Plaintiff's paragraph 7 is admitted.

8. Defendant Ledford is without sufficient personal knowledge or information to admit or deny the allegations set forth in Plaintiff's paragraph 8, and therefore denies and demands strict proof thereof.

9. Plaintiff's paragraph 9 contains legal conclusions of which no admittance or denial is required of Defendant Ledford. To the extent a response is required, Defendant Ledford expressly denies wrongdoing in this matter and admits that he was acting in the course of his employment and his duties as a sworn officer under the laws of the State of North Carolina. Except as stated, Defendant Ledford is without personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 9, and therefore denies and demands strict proof thereof.

10. Plaintiff's paragraph 10 does not call for a separate response.

11. Upon information and belief, Defendant Ledford admits that at approximately 10:00 a.m. on May 22, 1998, an armed assailant forced 21 year old Samantha Wood and her two young children into her apartment at 5206-B Cherrycrest Lane, at Emerald Bay Apartment complex, in Charlotte, North Carolina. Defendant Ledford does not have personal knowledge as to the attack Ms. Wood and her two children suffered and, except as stated, he does not have information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 12, and therefore denies and demands strict proof thereof.

12. Upon information and belief, Defendant Ledford admits that the assailant was described to Officer Ojaniit by the victim as being a 5'9" black male, approximately 180 lbs., "with his hair pulled back from his face four small braids on the back of his head… [and that]…[h]e was wearing a red shirt and blue jean shorts." *See*, Exhibit 3. Defendant Ledford does not have personal knowledge as to the conversation between Officer Ojaniit and Ms. Wood and, except as stated, he does not have information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 12, and therefore denies and demands strict proof thereof.

3

13. Upon information and belief, Plaintiff's paragraph 13 is admitted insofar as it summarizes, in part, how the crime was reported by the victim, Ms. Wood, to Officer Ojaniit. *See*, Exhibit 3.

14. Upon information and belief, Plaintiff's paragraph 14 is admitted insofar as it summarizes, in part, how the crime was reported by the victim, Ms. Wood, to Officer Ojaniit. *See*, Exhibit 3.

15. Upon information and belief, Plaintiff's paragraph 15 is admitted.

16. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 12. Except as stated, he does not have information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 16, and therefore denies and demands strict proof thereof.

17. Upon information and belief, Defendant Ledford admits that Officers Ojaniit and Esposito returned to the scene to locate any possible witnesses. They went to the management office of Emerald Bay Apartments, the apartment complex where the victim resided. They met with Theresa Savall, the on-duty rental manager. Ms. Savall reported to the officers that she was approached by an individual whom she described as unsavory and who made lewd comments to her while she walking. She described the individual as a 5'11" black male, in his twenties and as wearing a jersey type shirt and a ball cap. She observed him exit from the patio of 5038-C Cherrycrest Lane. *See*, Exhibit 4. Defendant Ledford denies personal knowledge as to the conversation between the officers and Ms. Savall and, except as stated, he does not have information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 17, and therefore denies and demands strict proof thereof.

18. Upon information and belief, Defendant Ledford admits that Officer Esposito went to 5038-C Cherrycrest Lane—the same apartment where Ms. Savall told Officers Esposito and Ojaniit that the unsavory individual had emerged from—and spoke with one of its occupants, April Pride, who reported that Plaintiff had stayed at this apartment the night of May 21st, into May 22nd. She described to him that Plaintiff was a black male, twenty-five years old, and that he wears his hair pulled back with four or five braids. *See*, Exhibit 4. Defendant Ledford denies personal knowledge as to the conversation between Officer Esposito and Ms. Pride and, except as stated, he does not have information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 18, and therefore denies and demands strict proof thereof.

19. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 18. Except as stated, Defendant Ledford does not information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 19, and therefore denies and demands strict proof thereof.

20. Upon information and belief, Defendant Ledford admits that Officer Ojaniit showed a photographic lineup of possible suspects that included six photographs of individuals and one of which was Plaintiff. *See*, Exhibit 5. Officer Ojaniit transcribed and filed Ms. Wood's statement, describing the nature of her identification of Plaintiff from the photographic lineup. According to the report, "I looked at the photos and told the officer that one of the subjects were [sic] the suspect who robbed me. I looked at the photos and told the officer that one of the subjects looked like the suspect except that the suspect had longer hair with braids and he did not have a beard." *See*, Exhibit 6. Defendant Ledford denies personal knowledge of the verbal declarations made by Ms. Wood to Officer

5

Case 3:11-cv-00477-RJC-DCK   Document 13   Filed 11/18/11   Page 5 of 14

Ojaniit while she was viewing the photographic lineup and identifying Plaintiff from said lineup. Except as stated, Defendant Ledford does not have information sufficient to admit or deny the allegations contained in Plaintiff's paragraph 20, and therefore denies and demands strict proof thereof.

21. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 20. Except as stated, Defendant Ledford is without information sufficient to admit or deny the remaining allegations set forth in Plaintiff's paragraph 21, and therefore denies and demands strict proof thereof.

22. Defendant Ledford admits that on May 26, 1998, he presented to Ms. Savall the same photographic lineup presented by Officer Ojaniit to Ms. Wood three days prior. He admits upon viewing the lineup, Ms. Savall stated to him, "the person in the third photograph on the top row looks like the person who spoke to me on the morning 22 May 98, and I believe that he is the same person." *See*, Exhibit 7. Defendant Ledford asserts that Ms. Savall signed her name and wrote the date beneath the photograph of the person. However, Defendant Ledford denies any implication that the factual allegations set forth in this paragraph constitute any wrongdoing on his part.

23. Upon information and belief, Defendant Ledford admits that warrants were issued by a magistrate on July 7, 1998, for Plaintiff, charging him with armed robbery with a deadly weapon, three counts of second degree kidnapping, and felonious breaking and entering. On August 26, 1998, these warrants were executed. On September 9, 1998, Plaintiff was indicted by a Grand Jury on charges of armed robbery with a dangerous weapon, three counts of second degree kidnapping and felonious breaking and entering. Plaintiff remained in custody on these charges until the time of his jury trial in September 1999.

6

Case 3:11-cv-00477-RJC-DCK   Document 13   Filed 11/18/11   Page 6 of 14

*See*, Exhibit 8, p. 1.  After his conviction, he remained in custody of the State of North Carolina for the charges which he was duly tried and convicted of until May 2010, on motion of the District Attorney that new evidence created reasonable doubt as to Plaintiff's guilt.  *See,* Exhibit 1.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 23.

24. Defendant Ledford admits that Ms. Wood testified in the jury trial of Plaintiff in September 1999.  *See*, Exhibit 8, pp. 36-66.  Defendant Ledford admits that the full transcript of Ms. Wood's testimony was as set forth in Exhibit 8.  Before Ms. Wood testified, however, they were pre-trial proceedings before the Court and outside the hearing of the jury, including Mr. Massey's Motion to Suppress the Identification Testimony, which was set aside, so as to not delay the trial, until Officer Ojaniit was available to testify.  *See*, Exhibit 8, pp. 9-19; 130-186.  The Court denied said motion after considering the testimony of several witnesses, including Ms. Wood.  Id. at pp. 175-186.  Except as stated, Defendant Ledford Plaintiff's paragraph 24.

25. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 24.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 25.

26. Defendant Ledford admits that Ms. Savall testified in the jury trial of Plaintiff in September 1999.  *See*, Exhibit 8, pp. 67-85.  Defendant Ledford admits that the full transcript of Ms. Savall's testimony was as set forth in Exhibit 8.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 26.

27. Defendant Ledford admits that Ms. Pride (Thompson) testified in the jury trial of Plaintiff in September 1999; in the first instance, she testified for the State and the second instance, she testified for the defense.  *See*, Exhibit 8, pp. 87-101 (as a state witness); Id.,

at pp. 279-284 (as a defense witness).  Defendant Ledford admits that the full transcript of Ms. Pride's testimony was as set forth in Exhibit 8.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 27.

28. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 27.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 28.

29. Defendant Ledford admits that a number of witness testified on behalf of Plaintiff in his jury trial in September 1999 and that several witnesses called by Plaintiff in his defense testified as to his hair style and his general appearance, in one manner or another.  *See*, Exhibit 8, pp. 144-169 (Motion to Suppress hearing, voir dire testimony); Id. at pp. 215-284 (defense case-in-chief).  Defendant Ledford admits that the full transcript of said witnesses' testimony was as set forth in Exhibit 8.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 29.

30. Defendant Ledford admits that Brady Dorsey, a man for whom Plaintiff performed day labor, testified in Plaintiff's jury trial in September 1999.  *See*, Exhibit 8, pp. 144-159 (Motion to Suppress hearing, voir dire testimony); Id. at pp. 215-231 (defense case-in-chief).  Defendant Ledford admits that the full transcript of said witnesses' testimony was as set forth in Exhibit 8.  Except as stated, Defendant Ledford denies Plaintiff's paragraph 30.

31. Defendant Ledford admits that Plaintiff was duly convicted by the jury who sat and heard evidence during his trial in September 1999.  *See*, Exhibit 8, pp. 304-316.  Defendant Ledford further admits that Plaintiff was sentenced by the Honorable Superior Court Judge James L. Baker pursuant to a sentencing hearing.  *See*, Exhibit 8, pp. 316-336.

Defendant Ledford admits that the full transcript of said sentencing hearing was as set forth in Exhibit 8.

32. Defendant Ledford is without personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 32, and therefore denies and demands strict proof thereof.

33. Defendant Ledford is without personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 33, and therefore denies and demands strict proof thereof.

34. Defendant Ledford admits that the factors set forth in the Mecklenburg County District Attorney's Office Motion to Set Aside Verdicts and Release Defendant. *See*, Exhibit 1. Except as stated, Defendant Ledford does not have sufficient personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 34, and therefore denies and demands strict proof thereof.

35. Defendant Ledford adopts by reference and incorporates his response to Plaintiff's paragraph 34. Defendant Ledford admits that the Superior Court of the General Court of Justice of Mecklenburg County subsequently ordered the conviction set aside. *See*, Exhibit 2. Except as stated, Defendant Ledford does not have personal knowledge or information sufficient to admit or deny the allegations set forth in Plaintiff's paragraph 35, and therefore denies and demands strict proof thereof.

36. Plaintiff's paragraph 36 does not call for a separate response.

37. Plaintiff's paragraph 37 is denied.

38. Plaintiff's paragraph 38 is denied.

39. Plaintiff's paragraph 39 is denied.

40. Plaintiff's paragraph 40 is denied.

41. Plaintiff's paragraph 41 is denied.

42. Plaintiff's paragraph 42 does not call for a separate response.

43. Plaintiff's paragraph 43 is denied.

44. Plaintiff's paragraph 44 is denied.

45. Plaintiff's paragraph 45 is denied.

46. Plaintiff's paragraph 46 is denied.

47. Plaintiff's paragraph 47 is denied.

48. Plaintiff's paragraph 48 is denied.

49. Plaintiff's paragraph 49 does not call for a separate response.

50. Plaintiff's paragraph 50 is denied.

51. Plaintiff's paragraph 51, and each and every part thereof, is denied.

52. Plaintiff's paragraph 52 is denied.

53. Plaintiff's paragraph 53 is denied.

54. Plaintiff's paragraph 54 does not call for a separate response.

55. Plaintiff's paragraph 55 is denied.

56. Plaintiff's paragraph 56 is denied.

57. Plaintiff's paragraph 57 is denied.

58. Plaintiff's paragraph 58 does not call for a separate response.

59. Plaintiff's paragraph 59 is denied.

60. Plaintiff's paragraph 60 is denied.

61. Plaintiff's paragraph 61 is denied.

## SECOND DEFENSE

Defendant Ledford acted at all times in good faith and in accordance with all applicable law, rules, regulations, and constitutional provisions.

## THIRD DEFENSE

Defendant Ledford is entitled to qualified immunity from all federal civil rights claims outlined in the Complaint because he was acting within his official discretionary duties as a police officer and he did not violate Plaintiff's "clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 410 (1982).

## FOURTH DEFENSE

Defendant Ledford is entitled to public official immunity from all state tort claims grounded in negligence. Thus, Plaintiff must prove that Defendant Ledford acted maliciously, corruptly, or outside the scope of his duties as a police officer in order to succeed in any state tort claim here. Defendant Ledford, as the pleadings show on their face, did not act with any malicious animus towards Plaintiff; he held no ill-will or spite towards Plaintiff; he did not wantonly disregard Plaintiff's rights.

## FIFTH DEFENSE

At all relevant times to the Complaint, Defendant Ledford possessed probable cause that Plaintiff had committed the crimes of armed robbery and kidnapping on May 22, 1998, against Samantha Wood and her small children. Further, both a prosecutor for the Mecklenburg County District Attorney's Office and a North Carolina magistrate judge believed there to be probable cause that Plaintiff had committed the crimes described herein.

### SIXTH DEFENSE

The North Carolina Court of Appeals held that the identification procedure which Defendant Ledford utilized in the investigation of Plaintiff was constitutionally valid. State of North Carolina v. Shawn Giovanni Massey, No. COA 00-557 (February 20, 2001). Thus this Court lacks subject matter jurisdiction as to all of Plaintiff's claims which rely on this Court to overturn that ruling. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L. Ed. 2d 454, 461; *applying and altering the scope of* Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L. Ed. 2d 206 (1983).

### SEVENTH DEFENSE

Plaintiff is barred from relitigating in this Complaint issues that were decided adversely to him by the courts of the State of North Carolina in the criminal case under principles of collateral estoppel.

### EIGHTH DEFENSE

To the extent that Plaintiff's claims are based upon his allegedly wrongful arrest, those claims are barred by the applicable statute of limitations.

### NINTH DEFENSE

Defendant Ledford reasonably relied on the collective knowledge of fellow police officers during the pendency of the investigation and prosecution of Plaintiff.

### TENTH DEFENSE

Plaintiff's claims are barred, reduced, and/or limited by his own misconduct.

12

## ELEVENTH DEFENSE

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Ledford prays the following relief:

1. That Plaintiff's Complaint be dismissed;
2. That Plaintiff have and recover nothing;
3. That the costs of this action be taxed against Plaintiff and;
4. Any other relief this Court deems just and appropriate.

Respectfully submitted, this the 18th day of November, 2011.

/s Daniel E. Peterson

Daniel E. Peterson
N.C. Bar #41521
Assistant City Attorney
Attorney for Officer Thomas G. Ledford
Office of the City Attorney
600 E. Fourth Street
Charlotte, North Carolina 28202-2841
Telephone: 704/432-5397
Fax: 704/336-8854
dpeterson@charlottenc.gov

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing was duly served in this action on this date as follows:

Via the ECF system to:

| | |
|---|---|
| David S. Rudolf | James P. Cooney, III |
| Rudolf, Widenhouse & Fialko | Womble Carlyle Sandridge & Rice, PLLC |
| dsrudolf@rwf-law.com | jcooney@wcsr.com |
| ***Attorney for Plaintiff*** | ***Attorney for Officer Gerald J. Esposito*** |
| | |
| | David N. Allen |
| | Parker Poe Adams & Bernstein LLP |
| | davidallen@parkerpoe.com |
| | ***Attorney for Officer J.J. Ojaniit*** |

Respectfully submitted, this the 18th day of November, 2011.

/s Daniel E. Peterson

Daniel E. Peterson
N.C. Bar #41521
Assistant City Attorney
Attorney for Officer Thomas G. Ledford
Office of the City Attorney
600 E. Fourth Street
Charlotte, North Carolina 28202-2841
Telephone: 704/432-5397
Fax: 704/336-8854
dpeterson@charlottenc.gov

14