MECKLENBURG COUNTY
FILED #147
MAY 6 2010

Exhibit 1

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG  98-CRS-033738, 39, 40, 41
98-CRS-141972

| | |
|---|---|
| STATE OF NORTH CAROLINA ) | |
| ) | |
| v. ) | **MOTION TO SET ASIDE VERDICTS** |
| ) | **AND RELEASE DEFENDANT** |
| SHAWN GIOVANNI MASSEY, ) | |
| DEFENDANT. ) | |

The undersigned being the duly elected District Attorney for the 26th Prosecutorial District presents to the Court the following based either upon his personal knowledge or upon information and belief:

1. On the 17th of September 1999 in Mecklenburg County Shawn Giovanni Massey was found guilty by a jury of robbery with a dangerous weapon, felonious breaking and entering and three counts of second degree kidnapping. He was sentenced to a minimum of 103 months and a maximum of 133 months for robbery with a dangerous weapon while the remaining convictions were consolidated into a minimum term of 34 months and a maximum term of 50 months.

2. The Duke Law School Wrongful Conviction Clinic has concluded that Massey's claim of innocence was meritorious. The clinic raised two issues with the conviction. The first was that, at the time of the offense, Massey's hair was not as described by the victim Wood; and second, that Wood expressed doubt as to Massey being the one who committed the crimes to the Assistant District Attorney trying the case.

3. The evidence that supported the conviction and still supports a conclusion that Shawn Massey is the person who committed this offense includes the following:

A TRUE COPY
CLERK OF SUPERIOR COURT
MECKLENBURG COUNTY
BY [signature]
Assistant Deputy Clerk

- At the trial Samantha Wood testified and identified Shawn Giovanni Massey as the man who on the 22nd day of May 1998 at approximately 10:00 a.m. forced her into her apartment at gun point where he victimized her by robbery, breaking and entering and kidnapping. She further testified at the time of the incident she was accompanied by her two minor children, Brandon Wood and Leola Smith, who were also victims of the kidnapping. She immediately called the police and described her assailant as a black male 5'9" 180 lbs with his hair pulled back from his face and with 4 small braids on the back of his head. On the following day Charlotte Mecklenburg Police officers presented to her a series of photos of black males to see if any of the photos were the man who robbed her. She looked at the photos and told the officer that one of the photos which was of Shawn Massey, looked like the man except the suspect had short braids at the back of his head and he did not have a beard. Samantha Wood was interviewed again on 16 March 2010. She still identifies Shawn Massey as the man who robbed her.

- Theresa Savall testified at the trial of Massey that on the 23 of May, 1998 she was an employee of the apartment complex where the robbery took place and she identified Shawn Giovanni Massey as being present and speaking to her at around the time of the robbery.

- April Pride Thompson testified at the trial of Massey that on the 23rd of May 1998 she was a resident of the apartment complex where the robbery took place and identified Shawn Giovanni Massey as a friend who had spent the night in her apartment the night before the robbery and was there when she left for work the morning of the

0157

robbery. On cross examination she testified that Massey on May 22, 1998, had short hair, and she did not recall she had ever seen him wear hair in braids.

- Officer Gerald Esposito of the Charlotte Mecklenburg Police Department testified at the trial of Massey that he interviewed Ms. Thompson on the 23rd of May 1998 and his written report reflects that she told him on this date that " . . . . Massey wears his hair pulled back with four to five braids."

- After receiving the report of the Duke Law School Wrongful Conviction Clinic which concluded that the claim of innocence of Massey was meritorious, I offered to consider the results of a polygraph examination of Massey. I arranged for Massey to be examined by Robert J. Durdak, a retired FBI polygraph examiner and polygraph instructor, selected and engaged by the Clinic. Durdak performed a polygraph examination on 6 June 2009 and reported his conclusion that Massey showed deception on two issues one his involvement in the incident and second his hair style at the time.

4. Students of the Clinic assembled a dated series of photographs of Massey taken by the Mecklenburg County Sheriff's Office on 18 April 1991, 19 April 1991, 28 August 1991, 30 June 1995, 20 May 1996, 9 March 1998, 29 May 1998 and 13 October 1999 all of which are frontal shots that show Massey with close cropped hair. The photographs do not show side views or the back of the head.

5. The Clinic investigation includes an affidavit of Janet C. Thomas who represented Massey at his September 1999 trial. Thomas recalls receiving discovery but has no recollection

A TRUE COPY
CLERK OF SUPERIOR COURT
MECKLENBURG COUNTY

of receiving or seeing the photos apparently shown by the Clinic. It appears the Clinic photos shown Thomas may have been enlargements of the photos contained in the District Attorney's file.

6. The trial Assistant District Attorney Eric Cottrell, when interviewed by members of the Clinic during their investigation, explained that Wood expressed doubt to him just before the trial began. "I don't know if that's him or not." Cottrell told Wood he could not talk to her at that moment because of the pre-trial hearing was about to start. After the hearing Wood convinced Cottrell that she was satisfied Massey was the one who victimized her based on seeing his face and hearing his voice. This exchange was not disclosed to the defense.

Based upon the issues of whether all photographs were provided to the defense and the failure of the State to notify the defense of Wood's initial reservation at trial concerning the identity of Massey, I have concluded that upon a retrial of this case the defense would be able to point to two matters that make it likely that a jury would conclude that although there is substantial evidence placing the defendant in the area and identifying him as the perpetrator, there is reasonable doubt about whether he committed the offense. Those two matters are:

(1) While our policy of open file discovery would have delivered to Janet Thomas all evidence in our files, based on information gathered, I believe a judge may not be certain all photographs in our file were available to the defense, and these photographs are deemed relevant by the Clinic in supporting their theory of Massey's defense.

(2) That the victim could be cross-examined about her statement to the prosecutor in court that she was not sure about her identification of the defendant as the person who committed the crime.

Given the totality of the circumstances that now exists in this case, if the jury had all the facts that are now available, it cannot be said with certainty that the jury would have reached the same conclusion, nor can it be assured that the jury would have rendered the same verdict.

Therefore, out of an abundance of caution, in the interest of justice, and in all fairness to the defendant, I respectfully request that the Court set aside the verdict entered in Mecklenburg cases numbers 98-CRS-33738, 98-CRS-033739, 98-CRS-033740, 98-CRS-033741 and 98-CRS-141972, so that I can then file a voluntary dismissal of all these charges, and further order that the North Carolina Department of Corrections immediately release Shawn Giovanni Massey from custody.

This the 5TH day of May, 2010.

_____
PETER S. GILCHRIST, III
DISTRICT ATTORNEY

A TRUE COPY
CLERK OF SUPERIOR COURT
MECKLENBURG COUNTY