IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:11-CV-477

| | |
|---|---|
| SHAWN MASSEY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLOTTE-MECKLENBURG POLICE | ) |
| OFFICER J.J. OJANIIT; CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICER | ) |
| GERALD J. ESPOSITO; CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICER | ) |
| TOM G. LEDFORD; and CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICERS | ) |
| JOHN and JANE DOES ##1-10, IN THEIR | ) |
| INDIVIDUAL CAPACITIES, | ) |
| | ) |
| *Defendants*. | ) |

**Memorandum of Law in Support of Motion to Strike Defendants' Exhibits or, In the Alternative, to Convert Defendants' Motions for Judgment on the Pleadings Into Motions for Summary Judgment, and to Grant Plaintiff Discovery Prior To Ruling**

<u>**Introduction**</u>

Defendants, in violation of Rules 10(c) and 12(c) of the Federal Rules of Civil Procedure, rely upon numerous exhibits to their answers to Plaintiff's complaint, in an attempt to divert the Court from determining the actual issue raised by their motions for judgment on the pleadings: whether the allegations in Plaintiff's complaint, taken as true, are legally sufficient. But when a court considers attached exhibits that go beyond the pleadings, it converts the Rule 12(c) motion into one for summary judgment. *Pueschel v. United States*, 369 F.3d 345, 357 n.3 (4th Cir. 2004) (motion to dismiss must be treated as a motion for summary judgment "when the motion to

1

dismiss or exhibits present matters *outside the nonmoving party's pleadings* and the district court does not exclude such matters.")(emphasis added); *Minor v. Minor, 70 N.C. App. 76, 78 (N.C. App. 1984) ("*no evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties *or the testimony or allegations by the parties in different proceedings.")*(emphasis added).[1]

By inserting information into the record that, they argue, contradicts the allegations in the complaint, and requesting a judgment on that basis, Defendants ask for even more than a motion for summary judgment would allow. In essence, Defendants are seeking a bench trial before discovery has even commenced, at which the court would determine the facts they dispute, based on the exhibits they attach. These exhibits should be struck from the record and disregarded.

<u>Defendants Rely Upon Matters Outside the Pleadings</u>

Defendants arguments are not based on the pleadings, as that term is understood for purposes of Rule 12(c). Rather, their arguments are based upon documents attached to their Answers, including the entire transcript of Shawn Massey's criminal trial, which they have selectively quoted in support of factual claims that were contested at that trial and are at the center of the dispute in this case. According to Defendants, the court "can consider *any exhibits* attached to either the Answer or the Complaint," citing *Eagle Nation, Inc. v. Mkt. Force, Inc.,*

---

[1] Defendants assert that "[t]he Fourth Circuit has held that a court's reliance on exhibits to a motion to dismiss does not convert the motion into one for summary judgment if 'the facts to which the court so refer[s] [are] either alleged in the amended complaint or contained in the exhibits thereto,'" quoting *Harrison v. U.S. Postal Service*, 840 F.2d 1149, 1152 (n.7) (4th Cir. 1988) and further citing *Pueschel v. United States*, 369 F.3d 345, 353-54 & n.3 (4th Cir. 2004) for the same proposition. But in the instant case, as opposed to *Harrison*, the exhibits attached to the answer contain facts that are not "alleged in the . . . complaint or contained in the exhibits thereto." Moreover, the Court in *Harrison* went on to note in the same footnote cited by Defendants that "[t]he district court's treatment of the motion, *even if technically erroneous*, does not want reversal" because the plaintiff was in no way prejudiced. Similarly, in *Pueschel* that Court held that whether the district court should have converted the motion to dismiss into a motion for summary judgment was "of no moment given that Pueschel failed to respond to the [defendant] FAA's motion. . . Once she failed to do so, Judge Hilton was entitled, as authorized, to rule on the FAA's motion and dismiss Pueschel's FTCA suit on the uncontroverted bases asserted therein." 369 F. 3d at 35-354. Thus, neither case is applicable to the situation presented here.

180 F. Supp. 2d 752, 754 (E.D.N.C. 2001) (emphasis added).[2]  There is no substantive support

whatever for such a broad unqualified proposition, even in the cases cited by Defendants.

The North Carolina Supreme Court correctly summarized the law that applies to motions

for judgment on the pleadings:

> A party who moves for judgment on the pleadings thereby admits,
> for the purpose of the determination of such motion: (1) the truth
> of all well-plead facts in the pleading of his adversary, together
> with all fair inferences to be drawn from such facts; and (2) the
> untruth of his own allegations controverted by the pleading of his
> adversary. . . .
>
> In determining the motion the court looks only to the pleadings.  It
> hears no evidence, makes no findings of fact and does not take into
> account other statements of fact in briefs, *or in testimony* or
> allegations in a different proceeding.  It is limited to the facts
> properly pleaded in the pleadings before it, inferences reasonably
> to be drawn from such facts and matters of which the court may
> take judicial notice.

*Lula Wilson v. Crab Orchard Development Company, Inc.,* 276 N. C. 198, 206 (1970)(emphasis

added).  To the extent that an exhibit is properly attached to and made a part of a pleading, "the

terms of such exhibit control other allegations of the pleading attempting to paraphrase or

construe the exhibit, insofar as these are inconsistent with its terms*." Id.*

The types of exhibits to which the court in *Lula Wilson* refers, and which become a "part

of the pleadings" when attached to the Complaint or Answer, are limited by Rule 10(c) of the

Federal Rules of Civil Procedure.  That rule provides that "a copy of a *written instrument* that is

an exhibit to a pleading is a part of the pleading for all purposes." (emphasis added).  It is well

established that Rule 10(c) controls what exhibits may properly be considered as a part of the

pleadings in a case.  As the Court noted in *Northern Indiana Gun & Outdoor Shows, Inc. v. City*

---

[2]      Esposito Memorandum at 13; Ojaniit Memorandum at 13.  Defendant Ledford does not make this over-reaching claim in his brief.  *See* Ledford memorandum at 5.

*of South Bend,* 163 F. 3d 449, 452 (7th Cir. 1998), when determining a motion for judgment on the pleadings:

> "[t]he pleadings include the complaint, the answer, and any *written instruments* attached as exhibits. Fed.R.Civ.P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.").

163 F.3d at 452.  In short, and as a matter of logic as well as Rule 10(c), a Defendant cannot attach to an answer any self-serving document he wishes, and thereby make that document part of the "pleadings" to be considered by the court on his motion.  Only a "written instrument" may properly be made a part of the pleadings by attaching it as an exhibit to an answer.

The issue, then, is the meaning of the term "written instrument" in Rule 10(c).  That issue was directly addressed in *Eagle Nation*, a case explicitly relied upon by Defendants.  "Historically, this Court has interpreted the term 'written instrument' as used in Rule 10(c) to include documents such as affidavits, . . ., and letters, . . ., as well as contracts, . . . and loan documentation…."  *Eagle Nation Inc. v. Mkt. Force, Inc*, 180 F. Supp. 2d 752, *754 (quoting, Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, supra,* 163 F. 3d at 452-53).  The common thread, of course, is that the contents of such documents often form the basis of the dispute, and therefore have independent legal significance, as when a contract is terminated by a letter.  In such a circumstance, it would make no sense to credit an allegation in a complaint about the terms of the contract, or the date of the termination, which was inconsistent with the contract or the date of the letter itself, assuming those were attached as exhibits to the answer. Thus, in *Eagle Nation*, for example, the court considered the disputed contract and two letters *prepared by the non-moving plaintiff* terminating that contract that were attached as exhibits to the answer.  180 F. Supp. at 756-758.

4

Other courts have construed the term "written instrument" in Rule 10(c) even more narrowly. For example, in *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989), one of the issues was the extent to which the District Court had converted a 12(b)(6) motion into a motion for summary judgment by considering an affidavit attached as an exhibit to the complaint. In ruling on this issue, the Court held that:

> The case law demonstrates. . . that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of *documentary evidence, specifically, contracts, notes, and other "writing[s] on which [a party's] action or defense is based"*, 5 C. Wright & A. Miller, *supra,* Sec. 1327, at 489. *"[L]engthy exhibits containing ... evidentiary matter should not be attached to the pleadings." Id*. In *Schnell v. City of Chicago*, 407 F.2d 1084 (7th Cir.1969), it was held, however, that an affidavit could be considered a part of the pleadings for purposes of granting a Rule 12(b)(6) motion. We do not believe that an affidavit is a "written instrument" as that term is used in Rule 10(c). To hold otherwise would elevate form over substance by drawing a distinction between an affidavit filed with an answer and an affidavit filed with a motion to dismiss under Rule 12(b)(6). In addition, *this would further blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted.* Accordingly, we conclude that Rose's affidavit constitutes a matter outside the pleading in both the Hill and Reed cases and that as a result if Judge Giles did not exclude it he was required to convert the Rule 12(b)(6) motions in these cases into motions for summary judgment.

871 F.2d at 339-40 n. 3 (emphasis added).

Regardless of whether one accepts the restrictive or the more expansive definition of "written instrument," however, none of the cases relied on by Defendants involved exhibits such as a trial transcript or a motion drafted specifically in connection with prior proceedings between the plaintiff and a third party; not surprisingly, there is no support for consideration of such exhibits on a motion for judgment on the pleadings. The Court "does not take into account . . . testimony . . . in a different proceeding." *Lula Wilson, supra,* 276 N.C. at 206.

5

Trial transcripts, by definition, contain many inconsistent and disputed facts. For one side to be able to attach such a transcript as an exhibit to their answer, and to then be able to select the "facts" it chooses in connection with a motion for judgment on the pleadings, would make a mockery of the rule that in deciding such a motion, the court must accept the factual allegations in a complaint as true, and draw all reasonable inferences in favor of the non-moving party.

Defendants in essence ask this Court to resolve disputed issues of material fact against Plaintiff, based solely on exhibits they have selected, without giving Plaintiff the opportunity to conduct discovery related to those exhibits. The court should reject this invitation, and disregard Defendants' exhibits in ruling on their motions for judgment on the pleadings.

### Conclusion

For the reasons set forth above, this Court should strike and disregard defendants' exhibits. In the alternative, this Court should convert defendants' motions for judgment on the pleadings into motions for summary judgment, and grant plaintiff discovery on the issues raised in his complaint prior to ruling on these motions.

RESPECTFULLY SUBMITTED this the 31st day of January, 2012.

**RUDOLF WIDENHOUSE & FIALKO**

/s/ David S. Rudolf
David S. Rudolf; NCST #8587
Attorney for Plaintiff
225 East Worthington Avenue
Charlotte, NC 28203
Telephone: 704-333-9945
Telefax: 704-335-0224
Email: Dsrudolf@rwf-law.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2012, I electronically filed the foregoing **Plaintiff Shawn Massey's Memorandum in Support of Motion to Strike** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel E. Peterson, Esq.
Assistant City Attorney Office of the City Attorney
600 E. Fourth Street
Charlotte, NC 28202-2841
dpeterson@charlottenc.gov

James P. Cooney, III, Esq.
Womble Carlyle Sandridge & Rice, LLC
One Wells Fargo Center
301 S. College St., Suite 3500
Charlotte, NC 28202-6037
jcooney@wcsr.com

Lori R. Keaton, Esq.
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
lorikeaton@parkerpoe.com

RESPECTFULLY submitted this the 31st day of January, 2012.

RUDOLF WIDENHOUSE & FIALKO

  /s/ David S. Rudolf
David S. Rudolf; NCSB #8587
225 East Worthington Avenue
Suite 200
Charlotte, NC  28203
Telephone:    704-333-9945
Telefax:         704-335-0224
Email:          dsrudolf@rwf-law.com