UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:11-CV-477

| | |
|---|---|
| SHAWN MASSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG POLICE )<br>OFFICER J.J. OJANIIT; CHARLOTTE- )<br>MECKLENBURG POLICE OFFICER )<br>GERALD J. ESPOSITO; CHARLOTTE- )<br>MECKLENBURG POLICE OFFICER TOM )<br>LEDFORD; AND CHARLOTTE- )<br>MEKCLENBURG POLICE OFFICERS JOHN )<br>AND JANE DOES ##1-10, IN THEIR )<br>INDIVIDUAL CAPACITIES, )<br>)<br>Defendants. ) | **DEFENDANT OFFICER GERALD J. ESPOSITO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

**Nature of Proceeding**

This case arises out of the trial and conviction of the Plaintiff for kidnapping and other crimes in September 1999, and the decision of the Office of the District Attorney in May 2010, to vacate the Plaintiff's convictions and dismiss those charges. As a result of the dismissal, the Plaintiff has sued three police officers, individually, for various constitutional and state torts based on his claim that they "fabricated" evidence against him and otherwise pursued a baseless prosecution (and conviction). The Plaintiff's arrest and conviction stemmed from a robbery and kidnapping that occurred on May 22, 1998 at the Emerald Bay Apartments. In his Complaint, the Plaintiff alleged 5 pages and 24 separate paragraphs of "Facts." These "facts" included references to the facts of the crime as reported by the victim (Complaint ¶¶11, 13-14), references to the descriptions of the attacker provided by the victim (Complaint ¶¶15-16), statements made

by witnesses to investigators (Complaint ¶¶17-18), a photo array identification process used to identify the Plaintiff as the attacker (Complaint ¶¶20-22), the facts of the Plaintiff's arrest and indictment (Complaint ¶23), events that occurred at the Plaintiff's trial (Complaint ¶¶24-31) and the process that led to an Order releasing the Plaintiff (Complaint ¶¶34-35). Despite this extensive "factual" recitation, the Plaintiff did not attach a single document proving those "facts," - - and indeed even failed to attach the Order which he claims exonerated him in this case.

As part of his Answer to this Complaint, Officer Esposito, a 22-year veteran of the police department who has been accused of fabricating evidence, attached public records and public documents relating to the claimed "facts" of the Plaintiff's Complaint. The Plaintiff has now moved to strike these public documents that relate directly to the "facts" in his Complaint on the ground that they constitute "improper" exhibits. However, the authenticity of these exhibits is not questioned by the Plaintiff. It is not disputed that each of these exhibits is the best evidence of what actually occurred or what was said. And there is no dispute that all of the events that are proven by these exhibits were referred to directly in the Plaintiff's Complaint.

The Plaintiff's Motion is without merit and should be denied.

### Argument

I. **The Plaintiff's Motion to Strike is Untimely**

While both the Plaintiff's Motion and Memorandum characterize his motion as a "Motion to Strike," and seek to strike Officer Esposito's exhibits from his Answer, the Plaintiff does not actually cite the rule permitting such a motion, Fed.R.Civ.P. Rule 12(f), in either document. Rather, he cites Fed.R.Civ.P. Rule 10(c) - - which does not mention the "striking" of exhibits - - and Rule 12(c), which relates to judgment on the pleadings. This omission is not inadvertent.

2

7145531.1

Case 3:11-cv-00477-RJC-DCK   Document 33   Filed 02/21/12   Page 2 of 11

The Plaintiff fails to cite the Rule permitting portions of pleadings to be stricken because, under the terms of that Rule, his motion is untimely. Rule 12(f) explicitly provides that a motion to strike that is made by a party must be served either (1) before responding to the pleading, or, (2) "if a response is not allowed, within 21 days after being served with the pleading." Because Officer Esposito's exhibits were attached to his Answer - - a pleading to which no response is permitted - - the Plaintiff had 21 days within which to file a Motion to Strike. The Plaintiff failed to do so, instead waiting some 69 days before filing this Motion.[1] By failing to cite Rule 12(f) in either his Motion or Memorandum, the Plaintiff failed to alert this Court to the fact that under the requirements of the Rule, his Motion to Strike is untimely. An untimely Motion to Strike cannot be granted. See Martinez-Hernandez v. Butterball, 2010 U.S. Dist. LEXIS 50246, *45-46 (E.D.N.C. 2010); Miller v. Dell Financial Services, LLC, 2009 U.S. Dist. LEXIS 12597, *4 (S.D.W.Va. 2009).[2]

**II. The Motion to Strike is Meritless**

By its terms, Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is explicitly

---

[1] The Plaintiff did seek, and was granted by consent, two extensions of time to respond to the Defendant's Motion for Judgment on the Pleadings.

[2] While courts may, on their own motion, strike materials from pleadings under Rule 12(f)(1), this has been largely reserved to determining the sufficiency of affirmative defenses set forth in the pleadings. See FDIC v. British-American Corp., 744 F. Supp. 116, 117 (E.D.N.C. 1990) ("Technically, Rule 12(f) required plaintiffs to file the motion to strike within 20 days after receipt of the answer. However, the rule also allows the court to strike an insufficient defense at any time on its own initiative, and the court may consider the motion at this time pursuant to this provision."). In that context, a court's own motion to strike an inadequate defense is seen as necessary for judicial economy. See FDIC, 744 F. Supp. at 117 ("One of the purposes of a Rule 12(f) motion is to gain an early adjudication by the court of the legal sufficiency of defenses set forth in the answer…[a motion to strike] is appropriately granted when the defense is clearly legally insufficient as, for example, when there is clearly no bona fide issue of fact or law." (internal citations omitted)).

addressed to the discretion of the court.  Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).  "[A] matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation."  Billips v. NC Benco Steel, Inc., 2011 U.S. Dist. LEXIS 118178 (W.D.N.C. 2011) (quoting, N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001).  Such motions "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant as a dilatory tactic.'"  Waste Management, 252 F.3d at 347 (Internal quotations and citations omitted.).

The Plaintiff, however, argues that since the exhibits were somehow improper under Fed.R.Civ.P. Rule 10(c) - - because they are not "written instruments" - - they are subject to a Motion to Strike.  However, to mount this argument, the Plaintiff not only fails to rely on federal law, but also fails to bring to this Court's attention the federal cases allowing such exhibits to be attached and considered on a Motion for Judgment on the Pleadings.  The law is plain that documents may be considered on a Motion for Judgment on the Pleadings if they are either (1) documents that are integral to the Complaint and are authentic or (2) public records.  See Philips v. Pitt County Memorial Hospital, 572 F.3d 176,180 (4th Cir. 2009) (a court can consider documents on motion to dismiss so long as they are "integral to the complaint and authentic"); Suntrust Mortgage, Inc. v. Busby, 651 F. Supp. 2d 472, 480 (W.D.N.C. 2009).

It is well-settled law that "when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment."  Suntrust Mortgage, Inc. v.

4

7145531.1

Case 3:11-cv-00477-RJC-DCK   Document 33   Filed 02/21/12   Page 4 of 11

Busby, 651 F. Supp. 2d at 480 (quoting Bryant v. Avado Brands, 187 F.3d 1271 n.16 (11th Cir. 1999)). Such "documents" have been long-held to include materials filed in a state court judicial proceedings, and specifically transcripts:

> Here, the district court was presented with a substantial amount of material from the record of the state habeas proceeding, including affidavits and evidence presented at trial. A court may consider such materials without having to convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b).

Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). The courts in this judicial district have routinely applied this law in considering motions directed to the pleadings. See, e.g. Clark v. USDA-RHS, 2007 U.S. Dist. LEXIS 80845, *4 (W.D.N.C. 2007) ("Nonetheless, pleadings and transcripts which are made of record in any prior or other action filed by the Plaintiff may be considered without converting the motion to one for summary judgment.").

There is no serious argument that the exhibits attached to Officer Esposito's Answer are not "integral" to the Complaint. Each of the exhibits attached to Officer Esposito's Answer constitute the factual foundation for the allegations of a paragraph of the Complaint. Thus, for example, in the first paragraph of his Complaint, the Plaintiff refers to the fact that the District Attorney moved to overturn his conviction "based on newly discovered evidence of innocence." In response, Officer Esposito attached the Motion that was actually filed (which did not declare that the Plaintiff was innocent) and the Order that was actually entered (which, again, did not declare that the Plaintiff was innocent). When the Plaintiff alleged the physical description of the attacker as given by the victim to Officer Ojaniit in paragraph 3, Officer Esposito attached the actual written report containing the description. When the Plaintiff made allegations concerning the interview that Officer Esposito conducted with a witness, Officer Esposito attached the report of the interview as an exhibit. The photographic array alleged to have been shown to the victim in paragraph 20 of the Complaint was attached as an exhibit, as was the

5

7145531.1

report containing the statements made by the victim while viewing the array. When the Plaintiff (incorrectly) alleged the date upon which he was arrested for these crimes in paragraph 23, Officer Esposito attached the warrants that the magistrate actually issued as exhibits. Finally, when the Plaintiff repeatedly characterized and described the trial proceedings in paragraphs 24 through 31, Officer Esposito attached the transcript of those proceedings.

The purpose of permitting a Defendant to attach documentary materials that establish or contradict facts integral to the Complaint has also been long-settled and rests squarely on the proposition that a Plaintiff is not entitled to plead (or characterize) the facts as he chooses and then force the court's eyes to be closed to the true facts set forth in the documents containing them. For example, in allegations of securities fraud, the courts have long held that the prospectus that forms the basis of the complaint is integral to and is to be considered on any motion on the pleadings: "[P]laintiff alleges no misrepresentations stemming from any other source, such as words, conduct, or other documentation. We therefore decline to close our eyes to the contents of the prospectus and to create a rule permitting plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus to the complaint or to incorporate it by reference." Pincus & Assoc. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991). This rule prevents a Plaintiff from alleging any facts that he chooses and then being permitted to litigate them through to summary judgment, regardless of their truth, simply because he strategically chose not to attach the documents supporting those facts to the Complaint. Am. Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir. 2004) (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Similarly, there is no argument that these exhibits are not public records. In particular, the trial transcript itself is the record of a public proceeding, was prepared by a certified court

reporter, and was filed with the North Carolina Court of Appeals. Courts have routinely permitted consideration of such public records in connection with motions directed to the pleadings - - and have done so even where the public records were not attached as exhibits to the pleadings. See, e.g., Norfolk v. Fed'n of Bus. Dist. v. HUD, 932 F. Supp. 730 (E.D.Va. 1996) aff'd 103 F.3d 119 (4th Cir. 1996) ("The attached exhibit is the Redevelopment Plan adopted by the City and, as a public document, it may be considered by the Court in making its determination under Rule 12(b)(6) without converting the motion into one for summary judgment.") (redevelopment plan attached to motion to dismiss); Thrash v. Dare County Airport Authority, 2011 U.S. Dist. LEXIS 100956, *14-16 (E.D.N.C. 2011) ("A court may consider matters of public records such as documents from prior state court proceedings in conjunction with a motion to dismiss without converting the motion to one for summary judgment."); Clark v. USDA-RHS, 2007 U.S. Dist. LEXIS 80845, *4-5 (W.D.N.C. 2007) ("Nonetheless, pleadings and transcripts which are made of record in any prior or other action filed by the Plaintiff may be considered without converting the motion to one for summary judgment.").

The Plaintiff brings none of this well-settled law to the Court's attention. Rather, he relies upon a North Carolina state court case in an attempt to dictate federal procedural law, one that does not even accurately state the present law of North Carolina, Lula Wilson v. Crab Orchard Development Co., Inc., 276 N.C. 198 (1970). Quite obviously Lula Wilson is a state court lawsuit dealing with matters that could be considered by the courts of North Carolina on motions for judgment on the pleadings; just as obviously what North Carolina law may be (or was in 1970) is of no moment in the determination of the procedural rules that apply to federal claims in federal court under Fed.R.Civ.P. Rule 1 and Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). More to the point, the Plaintiff's reliance on Lula Wilson does not even correctly state

7

7145531.1

Case 3:11-cv-00477-RJC-DCK   Document 33   Filed 02/21/12   Page 7 of 11

the law as it presently exists in North Carolina. It is well-settled in North Carolina that when a Plaintiff refers to a specific portion of a document in his Complaint, the entire document – and any attachments to the document – may be considered by a court on a motion for judgment on the pleadings for, by referencing a part of a document "the plaintiff place[s] the entire agreement, including all referenced attachments, before the trial court for consideration of [a] Rule 12(c) motion." <u>Reese v. The City of Charlotte</u>, 196 N.C. App. 557, 561. (2009) Moreover, "[w]here [a] plaintiff's complaint [makes] clear references to the events memorialized in a Resolution, the trial court [does] not err in considering the document in deciding defendants' Rule 12(c) motion to dismiss, ***even though the document itself is not specifically referenced in the complaint***." <u>Reese v. The Charlotte-Mecklenburg Board of Education</u>, 196 N.C. App. 539, 541 (2009) (emphasis supplied). <u>See Reese v. Mecklenburg County</u>, -- N.C. App. --, 694 S.E.2d 453 (2010) (County could attach as exhibit an evaluation of the value of property that was a public document to its Answer when the Plaintiff alleged a value for the property in his Complaint). In short, North Carolina law permits precisely the type of exhibits attached in this case to be submitted and considered on a motion for judgment on the pleadings. Neither North Carolina law nor federal law permit a Plaintiff to close the court's eyes to a document that factually meets the allegation of a complaint, even if the document is not mentioned in the complaint.[3]

---

[3] The Plaintiff's attempt to distinguish <u>Harrison v. U.S. Postal Service</u>, 840 F.2d 1149, 1152 n.7 (4th Cir. 1988) and <u>Pueschel v. United States</u>, 369 F.3d 345, 353-54 & n.3 (4th Cir. 2004), cited in footnote 6 of the Defendant's Memorandum in support of his Motion for Judgment on the Pleadings, is equally without merit. <u>Harrison</u> explicitly held that a court could consider the facts set forth in either a complaint or contained in exhibits. The Plaintiff argues that <u>Harrison</u> is not applicable because only the Plaintiff's facts as set forth in the Complaint may be referenced - - if an exhibit sets forth facts that are not in the Complaint, they may not be considered. He cites no law for such a proposition, and none exists. This is because the Plaintiff is not entitled to only his facts (as he wishes to allege them); rather, any document that is integral to the complaint may be considered, regardless of whether the Plaintiff has pleaded all of the facts in that document. The Plaintiff similarly errs when he attempts to turn <u>Harrison</u> on its head to imply that the Court

8

7145531.1

## Conclusion

There is considerable irony in the Plaintiff's argument that the Defendant seeks to "cherry pick" facts and that this is improper. The irony in this argument is that it is the Plaintiff who seeks to plead the facts as he chooses and then bar the Court from considering the full context of the facts or, indeed, whether they are even true. Thus, the Plaintiff lays great emphasis on what he claims is the "fabrication" in the witness interview by Officer Esposito - - a reading of the Complaint would suggest that this was the only substantive evidence in the trial. The trial transcript, however, reveals that this alleged "fabrication" was never introduced as substantive evidence at the trial, that it was denied by the witness (and thus the "fabrication" issue was presented to (and rejected by) the Jury), that two witnesses put the Plaintiff in the area of the crime (thereby disproving his alibi) and that the victim identified the Plaintiff as her assailant based on both his appearance and his voice. Yet, according to the Plaintiff, the Court may not consider these facts because they are not his facts.

The simple truth is that courts routinely consider documents such as these in ruling on motions directed to the pleadings on a regular basis. This case should be no different.

---

found that the district court erred in considering the materials when it wrote: "The district court's treatment of the motion, even if technically erroneous, does not warrant reversal." This is nothing more than a harmless error finding and is not, as suggested by the Plaintiff, a holding that the district court in fact erred - - it is simply a statement that even if it did err the error was of no moment. The Plaintiff's attempt to distinguish Pueschel is even more transparent, for whether there was a response to the motion or not, the Court nonetheless specifically held that even a "binder of exhibits" included with the motion could be considered as part of a motion directed to the pleadings.

9

7145531.1

Case 3:11-cv-00477-RJC-DCK   Document 33   Filed 02/21/12   Page 9 of 11

This 21st day of February, 2012.

/s/ James P. Cooney III
James P. Cooney III
N.C. State Bar No. 12140

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4980
Facsimile: (704) 338-7838
E-Mail: jcooney@wcsr.com

*Attorney for Defendant Officer Gerald J. Esposito*

7145531.1

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2012, I electronically filed the foregoing **Memorandum in Opposition to Motion to Strike** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David S. Rudolf
Rudolf, Widenhouse & Fialko
225 East Worthington Avenue, Suite 200
Charlotte, NC  28203
dsrudolf@rwf-law.com
*Attorney for Plaintiff*

David N. Allen
Parker Poe Adams & Bernstein LLP
401 South Tryon Street, Suite 3000
Charlotte, NC  28202
davidallen@parkerpoe.com
*Attorney for Officer J.J. Ojaniit*

Daniel E. Peterson
Assistant City Attorney
Office of the City Attorney
600 East Fourth Street
Charlotte, NC  28202
dpeterson@charlottenc.gov
*Attorney for Officer Tom G. Ledford and Does*


       /s/ James P. Cooney III
       James P. Cooney III
       **Attorney for Officer Gerald J. Esposito**

7145531.1