IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:11-CV-477

|  |  |
|---|---|
| SHAWN MASSEY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLOTTE-MECKLENBURG POLICE | ) |
| OFFICER J.J. OJANIIT; CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICER | ) |
| GERALD J. ESPOSITO; CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICER | ) |
| TOM G. LEDFORD; and CHARLOTTE- | ) |
| MECKLENBURG POLICE OFFICERS | ) |
| JOHN and JANE DOES ##1-10, IN THEIR | ) |
| INDIVIDUAL CAPACITIES, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS OR, IN THE ALTERNATIVE, TO CONVERT DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS INTO MOTIONS FOR SUMMARY JUDGMENT, AND TO GRANT PLAINTIFF DISCOVERY PRIOR TO RULING**

Plaintiff Shawn Massey, through undersigned counsel, hereby replies to Defendants' Response To Motion To Strike Exhibits as follows:

I. **Plaintiff's Motion Was Timely Filed**

Defendant Esposito spends the opening pages of his "Memorandum in Opposition to Plaintiff's Motion to Strike" discussing Rule 12(f) of the Federal Rules of Civil Procedure, and asserting that Plaintiff's failure to rely upon this rule is "because, under the terms of that Rule, his motion is untimely." Defendant Esposito Memorandum in Opposition to Plaintiff's Motion

to Strike, hereinafter "Defendant's Memorandum," page 3.[1] Defendants argue that Plaintiff's motion had to be made within twenty-one days of receiving Defendants' answers. Defendants, however, ignore that Plaintiff's motion sought to strike, *inter alia*, the exhibits attached to Defendant Ojaniit and Defendant Ledford's motions for judgment on the pleadings, and was filed on the same day as Plaintiff's responsive pleading to those two motions.

More importantly, Defendants ignore that the thrust of Plaintiff's motion was not directed to whether Defendants' answers contained "redundant, immaterial, impertinent or scandalous matter," but rather to the improper use of the exhibits attached to those answers in support of defendants' motions for judgment on the pleadings, in violation of Rules 10(c) and 12(c) of the Federal Rules of Criminal Procedure. Plaintiff therefore requested that the Court "disregard the Exhibits attached to Defendants' Answers" and, in the alternative, "convert Defendants' motions for judgment on the pleadings into motions for summary judgment," and "allow Plaintiff to conduct discovery relating to the allegations in his Complaint and . . . supplement his response to Defendants' motions after such discovery is completed." This relief was properly and timely sought under Rules 10(c) and 12(c) of the Federal Rules of Civil Procedure.

Plaintiff will therefore focus this reply on the substance of Defendants' legal argument: that the exhibits attached to their pleadings may properly be considered by this court on Defendants' motions for judgment on the pleadings because they are allegedly "(1) documents

---

[1] Since the responses filed by the other defendants raise no additional legal arguments, Plaintiff will refer solely to Defendant Esposito's Memorandum for purposes of clarity.

[2] The standard is the same on a Motion for Judgment on the Pleadings. Since most of the

2

that are integral to the Complaint and are authentic or (2) public records." Defendant's Memorandum, page 4.

II. **<u>Standard for Considering Exhibits on a Motion to Dismiss</u>**[2]

Plaintiff asserted in his complaint, as he must under *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007), *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937 (2009), and their progeny, facts sufficient to support his legal claim that Defendants fabricated the witness statement of April Pride, and that this fabrication deprived him of his constitutional right to due process and a fair trial. These included facts relating to the crime (paragraphs 11-14), facts relating to the investigation (paragraphs 15-17), facts relating to the fabrication (paragraphs 18-19), facts relating to the identification procedures conducted and the arrest (paragraphs 20-23), facts relating to how the fabricated statement was used to secure Plaintiff's conviction (paragraphs 24-31), and facts relating to the subsequent dismissal of all charges (paragraphs 32-35).

In response, Defendants seek to turn the pleading requirements of the Federal Rules of Civil Procedure, and the standard for considering factual allegations on a motion for judgment on the pleadings, on their heads. Defendants criticize Plaintiff for "not attaching a single document proving those 'facts.'" Defendants' Memorandum, page 2. But Plaintiff is not required to "prove" his factual allegations at the pleading stage. Rather, he is required to set forth sufficient facts to adequately allege a valid cause of action. For purposes of a motion for judgment on the pleadings, all of Plaintiff's factual allegations *must be taken as true,* and all reasonable inferences *considered in the light most favorable to Plaintiff*. The test is whether,

---

[2] The standard is the same on a Motion for Judgment on the Pleadings. Since most of the cases relate to 12(b)(6) motions, rather than 12(c) motions, Plaintiff will use the terms interchangeably.

3

taken as true, and in the light most favorable to Plaintiff, the allegations set forth a "plausible" claim for relief.

More specifically, paragraph 19, which alleges that Defendant Esposito's report of his conversation with April Pride the day after the crime took place was a fabrication, and that contrary to that report, Ms. Pride never told Esposito that Mr. Massey wore his hair "pulled back with 4 or 5 braids, must be taken as true. Similarly, paragraphs 27 and 28, relating to the use of this fabrication at Plaintiff's trial, paragraphs 37 and 38, relating to the fabrication, paragraph 39, relating to the use of the fabrication, paragraph 44, relating to the lack of probable cause, and paragraph 51, relating to the existence of the conspiracy between Defendants, must be taken as true for purposes of deciding Defendants' motion for judgment on the pleadings. These are the critical allegations underlying Plaintiff's claims.

Instead, as set forth in detail in Plaintiff's Consolidated Response to Defendants' Motions for Judgment on the Pleadings)("hereinafter Plaintiff's Consolidated Response"), Defendants seek to have this court rely upon selected and disputed portions of the transcript of the trial, and to draw all inferences from the transcript in the light most favorable *to Defendants*.[3] Defendants in essence ask the court to find that Shawn Massey was really guilty, despite the dismissal of the charges in 2011, and that any fabrication by Esposito wasn't material, and did not cause his conviction. This is simply an inappropriate attempt to cut off discovery and deprive Shawn Massey, who spent 13 years in prison for a crime he didn't commit, of his day in court.

---

[3] As set forth in Plaintiff's Consolidated Response, taken in the light most favorable to the Plaintiff, the trial transcript supports virtually all of the Plaintiff's allegations. *See* Plaintiff's Consolidated Response, pages 4-10.

4

Defendants rely upon the opinion in *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009) in support of their position that this court may rely upon documents such as a photo spread, incident reports and the transcript of the trial in deciding whether Plaintiff's complaint states a valid cause of action. The opinion in Philips states that "]i]n reviewing a Rule 12(b)(6) dismissal, *we may properly take judicial notice of matters of public record*," relying upon a previous case in which "publicly available [statistics] on the official redistricting website of the Virginia Division of Legislative Services" was considered by the Court of Appeals. See *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004). The opinion further states "we may also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, *so long as they are integral to the complaint* and authentic." 572 F.3d at 180 (emphasis added).[4] Defendants' definitions of the terms "integral to the complaint" and "matters of public record," however, are not supported by the cases they claim to rely upon, or by the rationale of those cases.

A. The Exhibits Used by Defendants Are Not "Integral to the Complaint"

In order to properly evaluate whether the Exhibits attached to Defendants' Answers and to their motions for judgment on the pleadings are "integral to the complaint," it is necessary to keep in mind the claims alleged in the complaint. It is not a complaint in which the causes of action are based upon a document such as a contract between the parties, or statements filed with the SEC. **The Complaint here alleges that defendants deprived plaintiff of his**

---

[4] The issue in *Philips* was whether the defendants had acted under color of state law. It appears that the only documents considered by the Court of Appeals in affirming the dismissal of the complaint were an "Agreement to Change Status of Pitt County Memorial Hospital" which was included in the Joint Appendix on appeal, and the "Restated Articles of Incorporation" which was available from the North Carolina Secretary of State's office. These documents were obviously critical to the issue of state action, as they defined the legal relationship between the hospital and the county, and the legal status of the hospital's employees. *Both* parties apparently relied upon them in making their arguments about whether or not defendants had acted under color of state law.

5

**constitutional rights by fabricating what a witness said to them on the day after the crime.** That is the basis of the various causes of action asserted by Plaintiff.

Defendants argue that because the complaint alleged facts relating to the use of the fabrication at Plaintiff's trial, they can use any portion of the trial transcript that they wish, in any way that they wish, on their motion for judgment on the pleadings. Contrary to Defendants' argument, however, the fact that a document "relates" to a particular factual allegation does not make that document "integral to the complaint." Rather, as the cases cited by Defendants make clear, a document is "integral to the complaint" *where the cause of action is based upon that document*.

The primary case relied upon by Defendants is *SunTrust Mortgage, Inc. v. Busby*, 651 F. Supp. 2d 472 (W.D.N.C. 2009). That case involved counterclaims made by defendants against SunTrust alleging fraud and fraudulent concealment, negligent misrepresentation, and related unfair and deceptive practices in the preparation by SunTrust Mortgage of various construction loan documents. With regard to the counterclaim relating to fraud and fraudulent concealment, the court concluded that this counterclaim could be dismissed based upon a form signed by each defendant *which defendants' counsel* had tendered during oral arguments, showing that defendants were in fact aware that verification of their income could be required by SunTrust Mortgage on their construction loans. 651, F. Supp. 2d at 485, 490. In short, the counterclaimants themselves provided this document, which established a legal defense to the fraud counterclaim, to the court. They could hardly complain that the court then relied upon it in granting the plaintiff's motion to dismiss the counterclaim.

In addition, the court in *SunTrust Mortgage* noted that it had "considered" (without further explanation) the "underlying loan documents, notes and deeds of trust" involved in the

construction loans at issue in the case. In discussing the rationale for considering such documents in connection with a motion to dismiss, the court explained that

> "when a plaintiff files a complaint *based on a document* but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment."

*Id*. at 480 (emphasis added).[5] This is in fact the linchpin of most of the cases cited by Defendants. Where the cause of action alleged is based on a document, the document may be attached to the defendant's pleading and considered by the court.

For example, another case relied upon by Defendants, *Pincus & Assoc. v. Oppenheimer & Co.*, 936 F.2d 759 (2d Cir. 1991), involved securities claims based upon an alleged misstatement in a prospectus. Plaintiff claimed there was a single material misrepresentation, and quoted from only two sentences in the prospectus. Plaintiff did not attach the prospectus itself to the complaint. Despite this, the Second Circuit, after noting that the central inquiry was "'whether defendants representations, taken together and in context, would have [misled] a reasonable investor' about the nature of the investment," examined the entire prospectus together with the allegations contained on the face of the complaint. In doing so, the court noted that:

> "The prospectus is integral to the complaint. The claims pleaded therein *are based only on an alleged written misrepresentation*

---

[5] *SunTrust Mortgage* relied in part on a footnote in *Bryant v. Avado Brands*, 187 F.3d 1271 (11th Cir. 1999). That footnote explained that the "underlying premise" of the rule allowing the court to consider a document *on which the complaint is based* is that such a document is "deemed so central to the claim so as not to be 'outside the pleadings.'" *Id*. at 1273 n. 16. But the court in *Bryant* specifically noted in this footnote that it was *not* basing its decision on this doctrine, because defendants had conceded they were not relying upon it. Rather, defendants were seeking consideration of SEC documents on their motion to dismiss *pursuant to judicial notice under Rule 201(b) of the Federal Rules of Evidence*. This case is therefore discussed in the section on "Public Records," *infra*.

7

> *appearing within the prospectus*; plaintiff alleges no misrepresentations stemming from any other source, such as words, conduct, or other documentation. We therefore decline to close our eyes to the contents of the prospectus and to create a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus or to incorporate it by reference.

936 F.2d at 762 (emphasis added). The court concluded that plaintiff could prove no set of facts that would demonstrate that the language of the prospectus, read in context, was materially misleading.

Yet another securities case cited by Defendants is *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410 (3d Cir. 1997). This was a class action based upon allegedly false representations and omissions made by the company and certain of its officers and directors to the public, which it was claimed artificially inflated the price of the company's stock. 114 F.3d at 1415. Although the complaint in *Burlington Coat* did not refer to or cite the company's 1994 Annual Report, the court noted "what is critical is *whether the claims in the complaint are 'based' on an extrinsic document* and not merely whether the extrinsic document was explicitly cited." *Id*. at 1426 (emphasis added). Because the complaint made "an unambiguous reference to full-year cost data for 1994," the district court was permitted to look to the 1994 Annual Report that defendants provided. *Id.*

A similar situation was presented in the fourth case relied upon by Defendants, *American Chiropractic Association, Inc. v. Trigon Healthcare*, 367 F.3d 212 (4th Cir. 2004). In this case, the plaintiff had included a RICO claim, and alleged that defendant had committed mail and wire fraud by making a false representation in its "Ancillary Professional Provider Agreement." 367 F.3d at 233-34. Defendant attached the entire Ancillary Professional Provider Agreement in support of its motion to dismiss.

The Fourth Circuit began by noting the "general rule [that] extrinsic evidence should not be considered at the 12(b)(6) stage." *Id.* at 234. However, the court may consider a document attached to a motion to dismiss if the document "was integral to and explicitly relied on in the complaint." *Id*. The court further noted that

> "what the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement *from a document* and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent."

*Id*. (emphasis added). Because plaintiff explicitly referred to the Ancillary Professional Provider Agreement, "and its mail and wire fraud claims are based on the alleged misrepresentation *made in that document*," the court held it could consider that document in deciding whether the motion to dismiss was properly granted. *Id*. (emphasis added).

Thus, what *SunTrust Mortgage, Pincus, Burlington Coat* and *American Chiropractic* have in common, and hold, is that **where a party's claims are based on a document,** the other party may submit that document (assuming it is authentic) to the court, and the court may consider that document without converting the motion to dismiss into a motion for summary judgment.

The other two cases relied upon by Defendants are *Walker v. Kelly*, 589 F.3d 127 (4th Cir. 2009) and *Clark v. USDA-RHS*, 2007 WL 3112458 (W.D.N.C.). *Clark* involved litigation in which plaintiff sought an injunction to stop a foreclosure proceeding in state court and cancellation of the note and deed of trust which is the subject of that foreclosure. The litigation was clearly vexatious, initiated by a plaintiff who the court described as a "prolific filer in federal court on the issue of this loan, its foreclosure and the role of state versus federal court." The plaintiff attached "numerous exhibits" to her complaint. 2007 WL 3112458 *1. She also

9

attached a transcript of her appeal in the foreclosure proceeding in state court. Defendant moved to dismiss the action as frivolous, as barred by *res judicata* and for failure to state a claim.

The court held that "'[b]ecause [Clark] relies on the [state court foreclosure] in her complaint, it [is] proper for the district court to consider it in ruling on the motion to dismiss.'" Id. at *3, quoting *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 n. 5 (4th Cir. 2002). Based upon the documents in the state court foreclosure action, the court held that the federal claims were barred by the doctrine of *res judicata*.[6]

*Walker v. Kelly* was a habeas proceeding, in which the issue was whether evidence favorable to petitioner had been suppressed by the state. Walker's habeas petition had originally been dismissed by the district court based upon a procedural default. Following a decision by the Court of Appeals that Walker had established "cause" for his failure to raise the claim on direct appeal (that cause being that the evidence had been suppressed by the state) and "prejudice" from the alleged constitutional violation (that prejudice being that the undisclosed impeachment evidence undermined confidence in the verdict), the case was remanded to district court and an evidentiary hearing was conducted on the merits of Walker's *Brady* claim.

The district court found, based upon the evidence introduced at the hearing, that Walker had failed to establish by a preponderance of the evidence that the alleged *Brady* material had not been disclosed by the state to the defense. It also found that Walker had failed to establish that the evidence was favorable to him, or that the evidence was material. The issue on appeal was whether the decision of the district court violated the "law of the case" doctrine.

---

[6] The court also found the complaint sought to enjoin a foreclosure and to cancel a note and deed of trust, and therefore did not state a claim under the Administrative Procedure Act, and that the lawsuit was frivolous.

In rejecting this argument, the Court of Appeals noted that at the time of the first appeal, there had been no evidentiary hearing held. If further held that following this first appeal the district court, in assessing whether Walker had in fact established that the state had suppressed favorable evidence, could consider not just the record of the evidentiary hearing, but also material "from the record of the state habeas proceeding, including affidavits and evidence presented at trial."

The decision in *Walker,* however, was not based on the insufficiency of the allegations in the habeas petition, or on exhibits attached to the state's answer to that petition. Rather, it was a decision reached on the merits only after a full evidentiary hearing at which three witnesses testified for the petitioner and five witnesses testified for the state. It therefore has nothing to do with whether this court may consider on a Rule 12(c) motion selected and contested excerpts from the trial transcript in determining whether it should accept as true the factual allegations in Plaintiff's complaint. *Walker* simply stands for the unremarkable proposition that a district court deciding a *Brady* claim on habeas can (and must) consider the entire record of the trial in determining whether favorable evidence had been suppressed by the state.

Plaintiff's cause of action is not based upon a document that is conceded to be accurate and authentic, as was the situation in *SunTrust Mortgage, Pincus, American Chiropractic,* or *Burlington Coat*. On the contrary, Plaintiff has alleged that Defendant Esposito fabricated a critical witness statement that was used at the trial to impeach April Pride's testimony that Shawn Massey did not wear his hair pulled back with 4-5 braids on the day of the robbery in May 1998. Plaintiff has also alleged that the use of this fabrication caused Shawn Massey to be convicted of a crime he did not commit. Plaintiff's factual allegations must be taken as true,

11

and it will be up to a jury to determine whether or not Defendants' actions caused Plaintiff to be deprived of his constitutional rights. This court should decline Defendants' request that it make this determination on a motion for judgment on the pleadings, before any discovery is even conducted.

### B. The Exhibits Used by Defendants Are Not "Public Records"

Defendants also claim, based upon the opinion in *Philips, supra*, that this court can consider documents such as a trial transcript, photo spreads, and police reports as "public records." This completely ignores the basis for the decisions permitting "public records" to be considered on a motion to dismiss: that the court may take judicial notice of such records under Rule 201 of the Federal Rules of Evidence.

The opinion in *Philips* specifically held that "[i]n reviewing a Rule 12(b)(6) dismissal, *we may properly take judicial notice of matters of public record.*" *See also Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) ("Voting-age population statistics . . . are publicly available on the official redistricting website of the Virginia Division of Legislative Services. *We may properly take judicial notice of this information* in reviewing the dismissal of the complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedure."); *Clark v. USDA-RHS*, 2007 WL 3112458 (W.D.N.C.) (district court may "*take judicial notice* of matters of public record" without converting the motion to summary judgment).

The most comprehensive discussion of this concept and the cases applying it is contained in *Bryant v. Avado Brands*, 187 F.3d 1271 (11th Cir. 1999), a case upon which the district court in *SunTrust Mortgage* relied. *Bryant* involved a securities fraud claim based upon alleged allegedly false and misleading statements and material omissions in documents filed with the SEC, which were explicitly referenced in the complaint as forming part of the basis of

12

the allegations. Defendants, in support of two defenses to the claim, attached to their motion to dismiss a number of documents that had been filed by defendants with the SEC. The district court refused to consider these documents on defendants' Rule 12(b)(6) motion, and the Eleventh Circuit reversed.

The court began by noting that the "starting point is Fed. R. Evid. 201, which authorizes courts to take judicial notice under specified circumstances." Moreover, the court noted that "[s]ubsection (f) states that '[j]udicial notice may be taken at any stage of the proceeding.'" 187 F.3d at 1277. The court then quoted extensively from the Second Circuit's opinion in *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) as follows:

> "It is highly impractical and inconsistent with Fed.R.Evid. 201 to preclude a district court from considering such documents when faced with a motion to dismiss in a securities action based on allegations of material misrepresentations or omissions. First, the documents are required by law to be filed with the SEC, and no serious question as to their authenticity can exist. Second, the documents are the very documents that are alleged to contain the various misrepresentations or omissions and are not relevant to prove the truth of their contents but only to determine what the documents stated. Third, a plaintiff whose complaint alleges that such documents are legally deficient can hardly show prejudice resulting from the court's studying of the documents. Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements. Finally, we believe that under such circumstances, *a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'* Fed.R.Evid. 201(b)(2). This of course includes related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements. We stress that our holding relates to public disclosure documents required by law to be filed, and actually filed, with the SEC, and not to other forms of

13

Case 3:11-cv-00477-RJC-DCK   Document 40   Filed 04/16/12   Page 13 of 18

> disclosure such as press releases or announcements at shareholder meetings."

*Id*. (emphasis added). In addition, the court in *Bryant* noted that

> "[t]he Fifth Circuit, in *Lovelace v. Software Spectrum Inc*., 78 F.3d 1015, 1017-18 (5th Cir.1996) also permitted relevant documents required by law to be filed and which were actually filed with the SEC to be considered on a motion to dismiss in a securities fraud case, and quoted the reasoning given by the Second Circuit above. *Id*. at 1018 n. 1. The Fifth Circuit held that "[s]uch documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Id*. at 1018. Several district courts in our Circuit have likewise employed this reasoning in considering defendants' relevant SEC filings at the 12(b)(6) stage. *See, e.g., In re Physician Corp. of Am. Sec. Litig*., 50 F.Supp.2d 1304 (S.D.Fla. 1999); *Malin v. IVAX Corp*., 17 F.Supp.2d 1345, 1351 (S.D.Fla.1998)."

*Id*.

Based on these precedents, the Eleventh Circuit held that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice (*for the purpose of determining what statements the documents contain and not to prove the truth of the documents contents*) of relevant public documents required to be filed with the SEC, and actually filed." *Id*. at 1278 (emphasis added). In applying Rule 201 to such documents "*only to determine what statements or disclosures are actually contained therein*, there can be little question as to authenticity, nor can the fact that such statements or disclosures were thus publicly filed be reasonably questioned." *Id*. (emphasis added).

In sum, Rule 201(b) of the Federal Rules of Evidence provides that the court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Thus, matters such

14

as what a document filed with the SEC says (as in *Bryant*), what an agreement between two parties says (as in *Philips*), what an official Virginia state redistricting website says (as in *Hall*), or what a pleading previously filed by a party says (as in *Clark*), are all matters that can be "accurately and readily determined" from the documents themselves. They are therefore proper subjects of judicial notice. *See also Norfolk Fed'n of Bus. Dist. V. HUD*, 932 F. Supp. 730 (E.D.Va. 1996)(city of Norfolk Redevelopment Plan).

In contrast, this court cannot take judicial notice under F.R.Evid. 201 of disputed facts contained in a trial transcript. These facts cannot be accurately and readily determined from the transcript. Moreover, Defendants do not offer this exhibit to rebut a claim based on the wording of the transcript, or to simply establish what the transcript says. Rather, Defendants offer selected portions of the transcript to prove the truth of the matters asserted in their motion for judgment on the pleadings and supporting memorandum, despite the fact that other portions of the transcript "prove" the truth of Plaintiff's allegations. This is a completely improper use of the cases allowing courts to take judicial notice of "public records" in ruling on motions to dismiss.

## CONCLUSION

Although Defendants complain that Plaintiff did not cite any of the foregoing cases, these cases do not present any support for Defendants' position, nor do they undercut the holdings of the federal cases discussed in Plaintiff's Memorandum in Support of Motion to Strike – *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998), *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989) and *Eagle Nation, Inc. v. Mkt. Force, Inc.*, 180 F.Supp. 2d 752 (E.D.N.C. 2001).

Nor does the *Reese* trilogy of cases decided by the North Carolina Court of Appeals, discussed on page 8 of Defendants' Memorandum, undercut the North Carolina Supreme Court's holding in *Lula Wilson v. Crab Orchard Development co., Inc.*, 276 N.C. 198 (1970). In fact, the complaints filed by plaintiff Reese in those cases related to the validity of various agreements entered into by Mecklenburg County, the City of Charlotte, the Charlotte-Mecklenburg School Board, and the Mecklenburg County Public Facilities Corporation, and Resolutions adopting those agreements. Plaintiff specifically referred to (and sometimes quoted from) these agreements in his complaints, but did not attach them. Defendants, in filing their answers, attached the actual documents at issue. Under these circumstances, the North Carolina Court of Appeals found that these written instruments attached as exhibits could be considered on defendants' motions for judgment on the pleadings. This is perfectly consistent with the still-valid holding of the North Carolina Supreme Court in *Lula Wilson*: to the extent that an exhibit is made a part of a pleading, "the terms of such exhibit control other allegations of the pleading attempting to paraphrase or construe the exhibit, insofar as these are inconsistent with its terms." 276 N.C. at 206.

Thus, there is no discrepancy between the federal cases and the North Carolina cases when it comes to when exhibits may be considered on a motion to dismiss. If the complaint is based on a particular document, such as a contract or an SEC filing or a municipal resolution, and that document is not attached to the complaint, the party moving to dismiss the complaint may attach that document, and the court may consider it, to the extent the language in that document is inconsistent with the allegation in the complaint. Similarly, the court deciding the motion to dismiss may take judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Neither of these rules applies to the exhibits relied upon by Defendants in this case. This court should therefore disregard the exhibits, and the portions of Defendants' motions for judgment on the pleadings that discuss or are based upon the exhibits. In the alternative, the court should convert defendants' motions for judgment on the pleadings into motions for summary judgment, and grant plaintiff discovery prior to ruling.

RESPECTFULLY submitted this the 16th day of April, 2012.

**RUDOLF WIDENHOUSE & FIALKO**


/s/ David S. Rudolf
David S. Rudolf; NCST #8587
Attorney for Plaintiff
225 East Worthington Avenue
Charlotte, NC 28203
Telephone: 704-333-9945
Telefax: 704-335-0224
Email: Dsrudolf@rwf-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David Neal Allen
Parker Poe
401 S. Tryon Street
Suite 3000
Charlotte, NC 28202-1942

James P, Cooney, III
Scott Douglas MacLatchie
Womble Carlyle
301 S. College Street
Suite 3500
Charlotte, NC 28202-6050

Daniel Edward Peterson
Office of the City Attorney
600 East Fourth Street
Charlotte, N.C. 28202

**RUDOLF WIDENHOUSE & FIALKO**

/s/ David S. Rudolf
David S. Rudolf; NCST #8587
Attorney for Plaintiff
225 East Worthington Avenue
Charlotte, NC 28203
Telephone: 704-333-9945
Telefax: 704-335-0224
Email: Dsrudolf@rwf-law.com