# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-477-RJC-DCK

| | |
|---|---|
| SHAWN MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG POLICE ) | |
| OFFICER J.J. OJANIIT; CHARLOTTE- ) | |
| MECKLENBURG POLICE OFFICER ) | |
| GERALD J. ESPOSITO; CHARLOTTE- ) | |
| MECKLENBURG POLICE OFFICER TOM ) | |
| G. LEDFORD; and CHARLOTTE- ) | |
| MECKLENBURG POLICE OFFICERS JOHN ) | |
| and JANE DOES ##1-10, in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Strike Defendants' Exhibits or, In the Alternative, to Convert Defendants' Motions for Judgment on the Pleadings Into Motions for Summary Judgment, and Grant Plaintiff Discovery Prior To Ruling" (Document No. 28). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Plaintiff Shawn Massey ("Plaintiff" or "Massey") filed his "Complaint And Jury Demand" (Document No. 1) (the "Complaint") against Charlotte-Mecklenburg Police Officers J.J. Ojaniit ("Ojaniit"), Gerald J. Esposito ("Esposito"), Tom G. Ledford ("Ledford"), and John and Jane Does ##1-10 (collectively, "Defendants") on September 23, 2011. The Complaint asserts causes of action

for: (1) 42 U.S.C. §1983 due process violation under 5th and 14th amendments to the U.S. Constitution; (2) 42 U.S.C. §1983 malicious prosecution and unreasonable seizure under the 4th and 14th amendments to the U.S. Constitution; (3) 42 U.S.C. §1983 conspiracy to violate Massey's Constitutional rights; (4) impeding and hindering public and legal justice, false imprisonment and civil conspiracy; and (5) malicious prosecution and conspiracy. (Document No. 1).

Defendants Ledford, Ojaniit, and Esposito filed their Answers (Document Nos. 13-15) on November 18, 21, and 23, 2011, respectively. Each of the named Defendants then filed a Motion For Judgment On The Pleadings (Document Nos. 16, 18, and 20) on November 28, 2011, and those motions are pending review by the Court.

Plaintiff's pending "Motion to Strike Defendants' Exhibits ..." (Document No. 28) was filed January 31, 2012. Defendants filed briefs in opposition to the instant motion on February 21, 2012 Plaintiff failed to file a reply brief, or notice of intent not to reply, pursuant to Local Rule 7.1(E), and therefore, the undersigned issued an Order *sua sponte* instructing Plaintiff to file a reply brief in support of its motion. (Document No. 39). "Plaintiff's Reply To Defendants' Memorandum In Opposition To Plaintiff's Motion To Strike Exhibits..." (Document No. 40) was filed April 16, 2012.

As such, the pending motions are now ripe for disposition. This Order will address Plaintiff's "Motion to Strike..." (Document No. 28), and will schedule a hearing on the pending motions for judgment on the pleadings.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow that

> The court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or

2

> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed.R.Civ.P. 12(f) (emphasis added).

"Motions under 12(f) are viewed with disfavor by the federal courts and are infrequently granted," and are only granted when the challenged allegations "have no possible relation or logical connection to the subject matter of the controversy" or "cause some form of significant prejudice to one or more of the parties to the action." Bott v. U.S. Airways, Inc., 3:09-cv-113-FDW, 2009 WL 1686801 at *4 (W.D.N.C. June 15, 2009) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380,1382 (West 2009) and Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

> In order to prevail on the motion, Defendant must demonstrate that the matter at issue is both "prejudicial" and of the type "envisioned" by Rule 12(f). Brown, 394 F.Supp.2d at 727 (citations omitted); Godfredson v. JCB Legal Group, P.C., 387 F.Supp.2d 543, 556 (E.D.N.C. 2005) (citations omitted).
> As for a claim that portions of a pleading are immaterial, "a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F.Supp.2d 551, 554 (E.D.N.C. 2001) ( quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir.1958)).

Billips v. NC Benco Steel, Inc., 5:10-CV-95-V, 2011 WL 4829401 at *1 (W.D.N.C. Oct. 12, 2011).

**DISCUSSION**

Plaintiff moves the Court to strike and disregard the exhibits attached to Defendants' Answers (Document Nos. 13-15) and to Defendants Ojaniit and Ledford's motions for judgment on the pleadings (Document Nos. 19-1 and 21-1). (Document No. 28, p.1). In the alternative, Plaintiff moves to convert Defendants' motions for judgment on the pleadings into summary judgment

motions. Id.

   **Request to Strike**

Although Plaintiff's motion expressly seeks to strike exhibits from a pleading, as well as exhibits to motions for judgment on the pleadings, he seeks this relief pursuant to Fed.R.Civ.P. 12(d), rather than Fed.R.Civ.P.12(f). (Document No. 28). Rule 12(d) provides that:

> **Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). The undersigned notes that Rule 7 includes "an answer to a complaint" as one of the allowed pleadings. Fed.R.Civ.P. 7(a)(2).

Plaintiff contends that "[i]t is well established that Rule 10(c) controls what exhibits may properly be considered part of the pleadings in a case." (Document No. 29, p.3). Rule 10(c) provides that:

> **Adoption by Reference; Exhibits**. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed.R.Civ.P. 10(c). Plaintiff concludes that none of the exhibits attached to Defendants' answers, or to Ojaniit and Ledford's motions, is a "written instrument" and therefore are not "part of the pleadings" under Rule 10(c). (Document No. 28, p.2).

> Exhibits that may be incorporated within the pleadings under Rule 10(c) include: "documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." Rose v. Bartle, 871 F.2d 331, 340 n.3 (3d Cir.1989) (internal citations omitted). "[L]engthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings." 5 C. Wright & A. Miller, supra, § 1327, at 489. The Fourth Circuit has

4

> ruled that courts may consider documents attached to a complaint pursuant to Rule 10(c) in ruling on a motion to dismiss for failure to state a claim so long as the documents are "integral to the complaint and authentic." Philips v. Pits County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Green Ventures Intern., LLC, Partnership v. Guttridge, 2010 WL 5019363 at *4 n.4 (D.S.C. Dec. 1, 2010). The Fourth Circuit in Philips also noted that "[i]n reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record." Phillips, 572 F.3d at 180.

Plaintiff argues that none of the cases Defendants rely on involve exhibits such as a trial transcript or motion, and therefore, "there is no support for consideration of such exhibits on a motion for judgment on the pleadings." (Document No. 29, p.5). Plaintiff effectively identifies caselaw indicating that documents such as affidavits, letters, contracts, notes and loan documentation have been accepted as "written instruments." (Document No. 29, pp.4-5) (citing Eagle Nation v. Mkt. Force, Inc., 180 F.Supp. 2d, 754 (E.D.N.C. 2001) and Rose v. Bartle, 871 F.2d 331, 340 n.3 (3d Cir.1989). However, Plaintiff has not cited any authority showing that the exhibits at issue here cannot be treated as "written instruments."

In 1st United Telecom, Inc. v. MCI Communications Services, Inc., 2011 WL 2292265 (N.D.Tex. June 8, 2011), the court declined to strike an Order of the Texas Public Utility Commission (PUC) that was attached as an exhibit to an Answer. That court succinctly addressed circumstances similar to the instant case:

> Plaintiff argues, albeit in passing, that Defendant's attachment of the PUC Order to its Amended Answer is improper because such an Order is not a "written instrument" that may be attached as an exhibit to a pleading under Rule 10(c) of the Federal Rules of Civil Procedure. (Pl.'s Mot. Strike ¶ 6). Plaintiff does not cite to any authority to support this position and does not further address the issue in its Reply. The Court notes that the cases reported in Wright & Miller seem to favor the classification of such relevant documents as "exhibits" for purposes of Rule 10(c). See Wright & Miller,

5

> Federal Practice and Procedure § 1381, n. 1. Furthermore, the Court is not bound to accept either parties' representations concerning the PUC's determination, but may separately examine the exhibit and attach whatever meaning & import the Court deems proper. See id. § 1381.

1st United Telecom, Inc., 2011 WL 2292265 at *2 n.1.

The undersigned is not persuaded that Plaintiff's reliance on Lula Wilson v. Crab Orchard Development Co., Inc., 276 N.C. 198, 206 (1970) is applicable to Plaintiff's argument that this Court must strike the exhibits or convert the motions to summary judgment motions. In fact, Wilson instructs that on a motion for judgment on the pleadings "[a]n exhibit, attached to and made a part of the pleading, is so considered. . . . The terms of such exhibit control other allegations of the pleading attempting to paraphrase or construe the exhibit, insofar as these are inconsistent with its terms." Wilson, 276 N.C. at 206.

Defendants' main arguments in opposition to the motion to strike are that it is untimely and without merit. (Document Nos. 33, 35 and 37).

First, Defendants correctly contend that pursuant to Rule 12(f) a motion to strike must be made either before responding to the pleading, or as is the case here regarding Defendants' answers, within 21 days of being served with the pleading. See Fed.R.Civ.P. 12(f)(2). The undersigned agrees that the instant motion, filed more than two (2) months after the pleading, is untimely as to the exhibits to the answers, according to Rule 12(f). Defendants do not contend that the motion to strike exhibits to the motions for judgment on the pleadings is untimely.

Plaintiff essentially argues that the timing requirement of 12(f) is not applicable here because Plaintiff's motion was filed pursuant to Rules 10(c) and 12(c), and the relief sought is timely under those Rules. (Document No. 40, p.2). Even if Plaintiff is relying on Rules 10(c) and 12 (c) and/or (d), as the basis for his motion, the undersigned is not convinced that the requirements of Rule 12(f),

6

specifically addressing motions to strike portions of a pleading, are inapplicable here. Moreover, the undersigned is not persuaded that Plaintiff has provided any relevant authority supporting his request to strike attachments to the pending motions for judgment on the pleadings.

In their second argument, Defendants focus on their contention that the exhibits at issue are integral to the Complaint, authentic, and/or public records, and therefore should not be stricken. Defendant Ledford's response includes a chart showing the exhibits attached to his answer and the portions of Plaintiff's Complaint they correspond to:

| Answer Ex. # | Brief Description of Exhibit | Corresponding Complaint ¶¶ |
|---|---|---|
| 1 | Motion of the District Attorney | 1 |
| 2 | Superior Court Order on Ex. 1 | 1 |
| 3 | Report filed by Officer Ojaniit... | 15-16 |
| 4 | Report filed by Officer Esposito | 17-19 |
| 5 | Lineup shown to Ms. Wood | 20 |
| 6 | Report filed by Officer Ojaniit on lineup | 21 |
| 7 | Report filed by Detective Ledford... | 22 |
| 8 | Trial Transcript | 24-31 |

(Document No. 37, p.2). The undersigned finds this illustration helpful, and further notes that the attachments to the pending motions in dispute is an opinion filed by the North Carolina Court Of Appeals ("COA") on February 20, 2001, regarding the underlying trial and conviction of Plaintiff. (Document Nos. 19-1 and 21-1). It does not appear that Plaintiff's Complaint refers to the COA opinion.

In short, the undersigned agrees with Defendants. Plaintiff has failed to present persuasive authority that the Court must strike or disregard the exhibits at issue here. Consistent with the 1st United Telecom, Inc. decision, the undersigned will decline to exclude any of the exhibits at this

7

time, "but may separately examine the exhibit[s] and attach whatever meaning & import the Court deems proper." 1st United Telecom, Inc., 2011 WL 2292265 at *2 n.1. In reviewing the pending motions for judgment on the pleadings, the Court will conduct its analysis pursuant to the appropriate standard of review. In addition, the undersigned intends to allow oral arguments on the pending motions, at which time Plaintiff will be provided the opportunity to highlight those facts and contentions he contends should guide the Court's ultimate decision.

**Request to Convert Motions**

Based on the foregoing, and because the undersigned accepts the exhibits to the answers as part of those pleadings, the undersigned will decline to convert the pending motions to summary judgment motions. See Fed.R.Civ.P. 10(c).

The undersigned also notes a recent decision by the District Court of Maryland which held that "a 'judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.'" Brown v. Bank of America, 2012 WL 380145 at *6 (D.Md. Feb. 3, 2012) (quoting McBurney v. Cuccinelli, 616 F.3d 393, 409 (4th Cir. 2010)). In Brown, the court opined that "conversion is not required since the Court did not consider materials outside the pleadings; nor did the Court resolve any matters of fact but instead assumed the truth of Brown's allegations." Id. The Brown decision went on to state that exhibits "are not considered outside the pleadings" and that "Rule 10(c) provides that 'an exhibit to a pleading is a part of the pleading for all purposes.'" Id. (citing Fed.R.Civ.P. 10(c) and Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding a court may "consider documents attached to the complaint, ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."))

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Strike Defendants' Exhibits or, In the Alternative, to Convert Defendants' Motions for Judgment on the Pleadings Into Motions for Summary Judgment, and Grant Plaintiff Discovery Prior To Ruling" (Document No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for the parties shall appear on **August 14, 2012**, for a status and motions hearing, prepared to discuss the status of this case and to argue the merits of any pending motions.

Signed: July 20, 2012

David C. Keesler
United States Magistrate Judge